**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4207**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

GARY RAY DEBOLT,

Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:09-cr-00024-FPS-JES-1)

Submitted: August 25, 2011            Decided:  August 30, 2011

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Matthew A. Victor, VICTOR VICTOR & HELGOE LLP, Charleston, West Virginia, for Appellant.   William J. Ihlenfeld, II, United States Attorney, David J. Perri, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Ray DeBolt appeals his 151-month sentence following his jury conviction of five counts of receipt of child pornography, in violation of 18 U.S.C.A. § 2252(a)(2) (West Supp. 2011), and two counts of possession of child pornography, in violation of 18 U.S.C.A. § 2252A(a)(5)(B) (West Supp. 2011). On appeal, DeBolt argues that the district court erred in (1) denying his motion to suppress; (2) excluding proposed impeachment testimony; and (3) applying a sentencing enhancement pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2G2.2(b)(7)(D) (2009).

DeBolt first argues that the district court erred in denying his motion to suppress his statements made to law enforcement officers during his alleged custodial interrogation. We review the factual findings underlying a denial of a motion to suppress for clear error and the legal conclusions de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009). When, as here, the district court denied the motion to suppress, "we construe the evidence in the light most favorable to the Government." United States v. Hernandez-Mendez, 626 F.3d 203, 206 (4th Cir. 2010), cert. denied, 131 S. Ct. 1833 (2011). A defendant's statements during custodial interrogation are presumptively compelled in violation of the Fifth Amendment and are inadmissible unless the Government shows that law

2

enforcement officers informed the defendant of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), and obtained a waiver of those rights. See United States v. Cardwell, 433 F.3d 378, 388-89 (4th Cir. 2005). In determining whether a defendant was in custody for purposes of Miranda, courts examine the totality of the circumstances surrounding the interrogation and ask whether an objectively reasonable person would have felt free to terminate the interrogation and leave. See J.D.B. v. North Carolina, 131 S. Ct. 2394, 2402 (2011) (citing Thompson v. Keohane, 516 U.S. 99, 112 (1995)).

Here, the officers who interviewed DeBolt were not required to inform him of his Miranda rights because he was not in custody for purposes of Miranda. DeBolt agreed to speak with the officers in his own home, he was not confined, and he was not threatened, coerced, or intimidated. Accordingly, we hold that the district court did not err in denying DeBolt's motion to suppress.

DeBolt next argues that the district court abused its discretion when it excluded the proffered testimony of two defense witnesses as to another witness's prior statements. We review for abuse of discretion a district court's decision to admit or exclude evidence. See United States v. Lighty, 616 F.3d 321, 351 (4th Cir. 2010). Federal Rule of Evidence 613(b) permits the admission of a prior statement for impeachment

3

purposes, so long as the prior statement is inconsistent, the witness is afforded an opportunity to explain or deny the prior statement, and the opposing party is permitted to interrogate the witness about such a statement. Fed. R. Evid. 613(b); see also United States v. Young, 248 F.3d 260, 267 (4th Cir. 2001). Further, even if the requirements of Rule 613(b) are met, a district court may exercise its discretion to exclude any or all evidence of a prior inconsistent statement that does not comport with Fed. R. Evid. 403. See Young, 248 F.3d at 268.

The prior statements DeBolt sought to introduce were not inconsistent with the witness's testimony, and counsel for DeBolt failed to give the witness an opportunity to explain or deny the statements DeBolt sought to admit. Further, the district court did not err in exercising its discretion to exclude the testimony on Rule 403 grounds, as the prior statements were more prejudicial and confusing than probative. Thus, we hold that the district court did not abuse its discretion in excluding the proffered testimony.

Finally, DeBolt argues that the application of USSG § 2G2.2(b)(7)(D) resulted in a substantively unreasonable sentence. Because DeBolt did not raise this specific allegation of error below, it is subject to plain-error review. United States v. Hargrove, 625 F.3d 170, 184 (4th Cir. 2010). We hold that the district court did not err. Absent any argument

4

against the application of § 2G2.2(b)(7)(D), the district court correctly applied an existing, unchallenged Guidelines provision, respecting our instructions that "district courts, in the course of selecting an appropriate sentence, ought to give respectful attention to Congress' view that child pornography crimes are serious offenses deserving serious sanctions." United States v. Morace, 594 F.3d 340, 350 (4th Cir. 2010) (internal quotation marks and alterations omitted).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5